# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

Susan M. Sharko
DRINKER BIDDLE & REATH LLP
*A Delaware Limited Liability Partnership*
500 Campus Drive
Florham Park, New Jersey 07932-1047
(973) 360-1100
Attorneys for Defendant
Matrixx Initiatives, Inc.

| | |
|---|---|
| RONALD PALUMBO and ANGELA PALUMBO,<br><br>               Plaintiffs,<br><br>      v.<br><br>MATRIXX CORP., MATRIXX INITIATIVES, INC., ZICAM, LLC, JOHN DOE 1-20 (said name being fictitious and unknown)<br><br>               Defendants. | Case No. _____<br><br>Civil Action<br><br><br>**NOTICE OF REMOVAL** |

TO:    CHIEF JUDGE AND JUDGES OF
          THE UNITED STATES DISTRICT COURT
          FOR THE DISTRICT OF NEW JERSEY

ON NOTICE TO:

      Scott G. Leonard, Esq.
      Leonard & Leonard, P.A.
      165 Washington Street
      Morristown, New Jersey 07960
      *Attorneys for Plaintiffs*

      Deputy Clerk, Superior Court of New Jersey
      Morris County Courthouse
      Hall of Records, Room 227
      Washington and Court Streets
      Morristown, New Jersey 07963

Jennifer M. Perez
Clerk of the Superior Court of New Jersey
Hughes Justice Complex
25 West Market Street
Trenton, New Jersey 08625

PLEASE TAKE NOTICE that defendant Matrixx Initiatives, Inc. (improperly named as

Matrixx Initiatives, Inc. and Matrixx Corp.) ("Matrixx"), with full reservation of all defenses,

hereby removes this civil action from the Superior Court of New Jersey, Morris County, to the

United States District Court for the District of New Jersey.   As grounds for its Notice of

Removal, Matrixx shows the Court:

1.      By way of background, this action is one of a number of federal actions against

Matrixx Initiatives, Inc. and related defendants alleging statutory and common law claims arising

from the marketing and sale of its Zicam® brand of products.  This action is similar to the other

cases that have been and will be transferred to MDL No. 2096, *In re: Zicam Cold Remedy*

*Marketing, Sales Practices, and Products Liability Litigation,* before the Honorable Frederick J.

Martone in the United States District Court for the District of Arizona   ("MDL No. 2096").

Accordingly, pursuant to 28 U.S.C. § 1407, upon removal, Matrixx will request that the Judicial

Panel on Multidistrict Litigation transfer this case to MDL No. 2096.

2.      This lawsuit is a civil action within the meaning of 28 U.S.C. §§ 1441(a) and

1446(b) on removal of cases to the district courts of the United States.

3.      As shown below, complete diversity of citizenship exists between Plaintiffs and

Defendants; Matrixx and Zicam, LLC ("Zicam") are not citizens of New Jersey; and the amount

in controversy exceeds the sum or value of $75,000, exclusive of interest and costs.  Hence, this

is a civil action over which this Court has original jurisdiction under 28 U.S.C. § 1332(a), and it

is removable pursuant to 28 U.S.C. §§ 1441(a) and 1446(b).

### This Notice of Removal is Timely

4.      In this action, on or about March 18, 2010, plaintiffs Ronald Palumbo and Angela Palumbo filed a Complaint in the Superior Court of New Jersey, Morris County, alleging product liability claims against Matrixx, Zicam and fictitious party defendants.  (See Complaint, attached as Exhibit A.)  Plaintiffs allege that they suffered injuries in or around April 2008 when Ronald Palumbo used Zicam, (see Compl. at ¶6), and they seek compensatory and punitive damages, (see Compl. at 4, 6, 7, 9 & 10).

5.      Matrixx was served by Certified and Regular Mail on April 16, 2010. (Certification of Timothy J. Fraser, dated May 13, 2010 ("Fraser Cert."), at ¶2.)   True and complete copies of the Summons and Complaint are attached hereto as Exhibit A.

6.      Because the thirtieth day after receipt by any of the defendants of the initial pleading setting forth Plaintiffs' claims for relief is Sunday, May 16, 2010, making the deadline for filing a removal Monday, May 17, 2010, the filing of this Notice of Removal on Thursday, May 13, 2010 is timely pursuant to 28 U.S.C. § 1446(b) and Fed. R. Civ. P. 6(a)

7.      Pursuant to 28 U.S.C. § 1446(d), written notice of the removal of this action has been served on Plaintiffs' counsel, and a Notice of Filing of Notice of Removal is simultaneously being filed with the Deputy Clerk of the Superior Court of New Jersey, Morris County.  A true and complete copy of the Notice is attached hereto as Exhibit B.

### There Is Complete Diversity of Citizenship

8.      Upon information and belief, plaintiffs Ronald Palumbo and Angela Palumbo are, and at all relevant times were, citizens and residents of New Jersey.  (See Compl. at ¶1.)

9.     Matrixx is, and was at the time Plaintiffs commenced this action, a corporation organized under the laws of the State of Delaware with its principal place of business in Scottsdale, Arizona.   (Fraser Cert. at ¶3.)   Therefore, Matrixx is a citizen of Delaware and Arizona for purposes of determining diversity. 28 U.S.C. § 1332(c)(1).

10.     Zicam is, and was at the time Plaintiffs commenced this action, a limited liability corporation that exists under the laws of Arizona with its principal place of business in Scottsdale, Arizona.   (Fraser Cert. at ¶4.)   For diversity purposes, the citizenship of limited liability companies is determined by the citizenship of its members. Hessert Const. New Jersey L.L.C. v. Garrison Architects, P.C., 2007 WL 2066355, *2 (D.N.J. Jul. 13, 2007); see also Cosgrove v. Bartolotta, 150 F.3d 729, 731 (7th Cir. 1998) (Posner, J.).  Zicam is a wholly owned subsidiary of Matrixx, and Matrixx is the sole member of Zicam.  (Fraser Cert. at ¶5.)  For diversity purposes, Zicam is a citizen of Arizona and Delaware. Id.

11.     The citizenship of fictitious defendants is ignored for purposes of removal. 28 U.S.C. § 1441(a).

12.     Complete diversity of citizenship therefore exists between Plaintiffs and the non-fictitious defendants.

### The Amount In Controversy Exceeds $75,000

13.     Plaintiffs allege that Margarita Martinez has "suffered serious personal injuries which resulted in the loss of smell and taste. [sic] resulting in the need for medical care, great physical pain and suffering, great mental and emotional suffering, and loss of enjoyment of life some of which may be permanent," see Compl. at ¶10, and that Angela Palumbo "was obliged to incur large expenses in the care and treatment of her husband … and will be so obliged in the future; and she was and will in the future be deprived of his usual services, society, earnings,

companionship and consortium," see Compl. at ¶42, as a result of Ronald Palumbo's alleged use

of Zicam®. In a products liability action involving alleged permanent loss of smell and taste and

related damages, where compensatory and punitive damages are sought, there is no genuine issue

that the amount in controversy exceeds $75,000, exclusive of interests and costs.

14.     The Third Circuit's decision in Angus v. Shiley, 989 F.2d 142 (3d Cir. 1992), is

instructive. In Angus, the Third Circuit affirmed denial of remand in a previously removed

products liability action even where plaintiff's implanted heart valve had *not* malfunctioned, and

she had essentially alleged emotional distress injuries and the like and had stated in her remand

motion that "she 'hereby stipulates that her damages do not exceed the [then-jurisdictional

minimum] sum of $50,000.00.'" Id. at 143-44. The Court observed:

> Assuming, as Angus's [sic] urges us to do, that the complaint asserts only two
> claims, one for compensatory damages in excess of $20,000 and one for punitive
> damages in excess of $20,000, we find, as did the district court, that the
> jurisdictional minimum is met. Contrary to Angus's contention, the amount in
> controversy is not measured by the low-end of an open-ended claim, but rather by
> a reasonable reading of the value of the rights being litigated. Here, Angus's
> complaint seeks *at least* $40,000 in compensatory and punitive damages. Given
> that the complaint does not limit its request for damages to a precise monetary
> amount, the district court properly made an independent appraisal of the value of
> the claim, and reasonably found that the actual amount in controversy exceeded
> $50,000 for there can be no doubt that a reasonable jury likely could have valued
> Angus's losses at over $50,000.

Id. at 145-46 (emphasis in original). Likewise, there can be no doubt that a reasonable reading of

the rights being litigated by Plaintiffs' open-ended compensatory and punitive damages claims

here, where the alleged injuries extend considerably beyond those alleged in Angus, exceeds the

current jurisdictional minimum of $75,000.

## Conclusion

15.    Complete diversity of citizenship exists.  The amount in controversy exceeds $75,000.  This Notice of Removal is timely.  Removal is therefore authorized by 28 U.S.C. § 1441.

DRINKER BIDDLE & REATH LLP
Attorneys for Defendant
Matrixx Initiatives, Inc.


By:  /s/ *Susan M. Sharko*
      Susan M. Sharko

Dated: May 13, 2010

# Exhibit A

LEONARD & LEONARD, P.A.
A Professional Association
165 Washington Street
Morristown, New Jersey 07960
Tel No: (973)984-1414
Attorneys for Plaintiff(s)

|  |  |
|---|---|
| RONALD PALUMBO and ANGELA PALUMBO, | SUPERIOR COURT OF NEW JERSEY LAW DIVISION: MORRIS COUNTY DOCKET NO: MRS-L-*905-10* |
| Plaintiff(s) Vs. | Civil Action |
| MATRIXX CORP., MATRIXX INITIATIVES, INC., ZICAM, LLC, JOHN DOE, 1-20 (said name being fictitious and unknown) | |

## THE STATE OF NEW JERSEY, TO THE ABOVE NAMED DEFENDANT(S):

YOU ARE HEREBY SUMMONED in a Civil Action in the Superior Court of New Jersey, instituted by the above named plaintiff(s), and required to serve upon the attorneys for the plaintiff(s), whose name and office address appears above, an Answer to the annexed Complaint within THIRTY-FIVE (35) days after the service of the Summons and Complaint upon you, exclusive of the day of service. (The address of each deputy clerk of the Superior Court is provided). If the complaint is one in foreclosure, then you must file your written answer or motion and proof of service with the Clerk of the Superior Court, Hughes Justice Complex, CN 971, Trenton, N.J. 08625. A filing fee payable to the Clerk of the Superior Court and a completed Case Information Statement (available from the deputy clerk of the Superior Court) must accompany your answer or motion when it is filed. You must also send a copy of your answer or motion to plaintiff's attorney whose name and address appear above, or to plaintiff, if no attorney is named above. A telephone call will not protect your rights; you must file and serve a written answer or motion (with fee of $135.00 for Law Division and $135.00 for Chancery Division and completed Case Information Statement) if you want the court to hear your defense.

If you fail to file and serve a written Answer or Motion within 35 days, the court may enter a judgment by default may be rendered against you for the relief demanded in the Complaint, the Sheriff may seize your money, wages or property to pay all or part of the judgment. You shall promptly file your ANSWER and proof of service thereof, in duplicate, with the Clerk of the

Superior Court, CN 971, Trenton, New Jersey 08625, in accordance

If you fail to file and serve a written Answer or Motion within 35 days, the court may enter a judgment by default may be rendered against you for the relief demanded in the Complaint, the Sheriff may seize your money, wages or property to pay all or part of the judgment.   You shall promptly file your ANSWER and proof of service thereof, in duplicate, with the Clerk of the Superior Court, CN 971, Trenton, New Jersey  08625, in accordance with the Rules of Court Practice and Procedure.

An individual who is unable to obtain an attorney may communicate with the New Jersey State Bar Association by calling toll free 1-800-792-8315 (within New Jersey) or 1-609-394-1101 (from out of state).   You may also communicate with a Lawyer Referral Service, or, if you cannot afford to pay an attorney, call a Legal Services Office, either in the County where you reside or the County in which the action is pending.   A list of these numbers is also provided.

*Theodore J. Fetter*

THEODORE J. FETTER,
Clerk of the Superior Court

DATED: March 30, 2010


\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*
(NOTE: IF YOU ARE INSURED FOR THE INCIDENT IN QUESTION, THESE PAPERS SHOULD IMMEDIATELY BE TURNED OVER TO YOUR INSURANCE AGENT OR INSURANCE COMPANY)
\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

NAME(S) AND ADDRESS(ES) OF DEFENDANT(S) TO BE SERVED:

Matrixx Initiatives, Inc.
c/o Matrixx Corporate Offices
8515 E. Anderson Drive
Scottsdale, Arizona 85255
**Attn: Legal Department**

LEONARD & LEONARD, P.A.
A Professional Association
165 Washington Street
Morristown, New Jersey 07960
Tel No: (973)984-1414
Attorneys for Plaintiff(s)

RECEIVED & FILED
SUPERIOR COURT

2010 MAR 18  AM 10: 05

CIVIL DIVISION

|  |  |  |
|---|---|---|
| RONALD PALUMBO and<br>ANGELA PALUMBO, | : | SUPERIOR COURT OF NEW JERSEY<br>LAW DIVISION: MORRIS COUNTY<br>DOCKET NO: MRS-L-905-10 |
|  | : |  |
| Plaintiff(s) | : | Civil Action |
| Vs. | : |  |
|  | : | **COMPLAINT AND JURY DEMAND** |
| MATRIXX CORP., MATRIXX | : | **DEMAND FOR CERTIFIED ANSWERS** |
| INITIATIVES, INC., ZICAM, LLC, | : | **TO UNIFORM INTERROGATORIES AND** |
| JOHN DOE, 1-20 | : | **OTHER RELATED DOCUMENTS WITHIN** |
| (said name being fictitious | : | **SIXTY (60) DAYS OF SERVICE OF** |
| and unknown) | : | **THE WITHIN COMPLAINT IN LIEU** |
|  | : | **OF SERVICE OF SAME PURSUANT TO** |

**RULE:4:17-1, 2 and 4 et seq.**
**and DEMAND FOR INSURANCE**
**POLICIES PURSUANT TO RULE**
**4:10-2(b), DESIGNATION OF**
**COUNSEL and ATTORNEY**
**CERTIFICATION PURSUANT TO**
**RULE 4:5-1**

## PARTIES

1.    Plaintiff, Ronald Palumbo and Angela Palumbo (hereinafter referred to as "Plaintiff"),

residing together in East Hanover, New Jersey, complaining of the above named defendants,

say that:

2.    The Defendants are as follows:

(a) Upon information and belief, Matrixx Corp. Matrixx Initiatives are corporations

duly organized and existing  under the laws of the State of Delaware with major

manufacturing and/or assembly and/or distribution facilities throughout several states

1

and countries. At all times relevant hereto, Defendant Matrixx Corp., Matrixx Initiatives was and/or is engaged in the research, development, design, testing, manufacture, inspection, distribution, marketing, promotion, sale, and/or shipping of Zicam which entered the stream of commerce in New Jersey on a regular basis.

(b) Upon Information and belied, the defendant, Zicam LLC, Inc. was and is a corporation duly Organized and existing under the laws of the State of Arizona, with major manufacturing and/or assembly and/or distributing and/or research facilities throughout several states and countries. At all times relevant hereto, Defendant Zicam, LLC was and/or is engaged in the research, development, design, testing, manufacture, inspection, distribution, marketing, promotion, sale, and/or shipping of Zicam produicts which entered the stream of commerce in New Jersey on a regular basis.

(c) Defendants, JOHN DOE One through Twenty, are the fictitious names of corporations, partnerships, or other business entities , or organizations, or individuals, whose identities are not presently known, and who controlled or managed the research, development, design, testing, manufacture, inspection, distribution, marketing, promotion, sale, and/or shipping of Zicam products.

3.   At all times material hereto, defendants and/or their predecessors acted through their agents, servants, or employees who were acting within the scope of their employment and on the business of defendants.

4.   Defendants who are successor corporations have assumed the assets and liabilities of their predecessor corporations and/or are the continuation of said predecessor corporations.

2

5.   The defendants and/or their predecessors are all corporations, companies or other business entities or persons, who during all times material hereto, and for a long time prior thereto, have been and/or now are engaged, directly or indirectly in the research, development, design, testing, manufacture, inspection, distribution, marketing, promotion, sale, and/or shipping of Zicam products into the stream of commerce in New Jersey.

6.   Plaintiff, Ronald Palumbo, used the Zicam product on or about April 2008 and in accordance with the instructions and directions on the product.  Sometime after using the product the plaintiff lost his sense of taste and smell and suffered other injuries. Plaintiff's use of the product was the approved method of using the product and was a method known by and/or foreseeable to defendants. Plaintiff did not misuse the product, was not negligent, and did not knowingly assume any risk.

## COUNT ONE

## STRICT LIABILITY - MANUFACTURING DEFECT

7.   Plaintiffs hereby incorporate by reference paragraphs One (1) through Six (6) inclusive, as if the same were set forth fully herein.

8.   At all time material hereto defendants knew or should and/or could have known that their Zicam product would be used as plaintiff used it, and that it was hazardous and unsafe to plaintiff and other persons similarly situated when used as intended by defendants.

9.   Defendants' Zicam product contained a manufacturing defect in the specific product purchased by plaintiff.  Defendants manufactured Zicam in a such a way that the product ultimately caused the loss of smell and taste to plaintiff when used in the manner intended and/or foreseen by defendants, and/or in such a way that the product failed to conform to

3

defendants' design or specifications, and/or in such a way as to be unreasonably unsafe for use in the manner intended and/or foreseen by defendants. The manufacturing defect existed when the product left the control of the defendant. Plaintiff did not know of the defect. Plaintiff did not misuse the product.

10.   As a direct and proximate result of the manufacturing defect, and the willful, wanton, and egregious misconduct of defendants, plaintiff suffered serious personal injuries which resulted in the loss of smell and taste. resulting in the need for medical care, great physical pain and suffering, great mental and emotional suffering, and loss of enjoyment of life some or all of which may be permanent.

WHEREFORE, plaintiff prays for judgment against the defendants and each of them individually, jointly and severally for compensatory damages and punitive damages plus costs of suit, and other further relied as is just and proper.

## COUNT TWO

## STRICT LIABILITY - DESIGN DEFECT

11.   Plaintiff hereby incorporates by reference paragraphs One (1) through Ten (10) inclusive , as if same were set forth fully herein.

12.   Defendants at all times relevant hereto had a duty to properly manufacture, design, sell, supply, market, distribute, test, inspect, package and label their products and they owed this duty to plaintiff and others similarly situated, and they violated this duty.

13.   At all times material hereto, the defendants researched, developed, designed, tested, manufactured, inspected, distributed, marketed, promoted, sold, and/or shipped and/or otherwise placed in the stream of commerce in New Jersey Zicam products, which the

4

defendants knew or in the exercise of ordinary care should have known, were defectively designed, dangerous, unsafe, deleterious, and otherwise highly harmful to the plaintiff, and to other persons similarly situated. The design defect existed when the product left the control of defendants.

14.     The product was unreasonably dangerous for the use and purpose for which it was intended and marketed and sold.

15.     The risks of severe harm caused by the product as designed outweighed its benefits.

16.     The product did not meet the expectations of the reasonable consumer.

17.     At all times materials hereto, plaintiff did not know of the danger to her person that would result from using Zicam and at all times material hereto, each of the defendants knew or should have known, that the plaintiff, and other persons similarly situated, would use the product as plaintiff used it.

18.     Alternative designs were available and feasible at and prior to the date of the subject incident which designs could eliminate and/or substantially and significantly reduce the risk to plaintiff and others similarly situated.

19.     The defendants had actual knowledge of a high risk of serious injury due to the defective design of the product and willfully and wantonly and with conscious disregard for the safety of plaintiff and others similarly situated chose to profit from the products rather than cure the defect or warn of the defect.

20.     As a direct and proximate result of the design defect, and the willful, wanton, and egregious misconduct of defendants, plaintiff suffered serious personal injuries which resulted in the loss of smell and taste. resulting in the need for medical care, great physical pain and

suffering, great mental and emotional suffering, and loss of enjoyment of life some or all of which may be permanent.

WHEREFORE, plaintiffs pray for judgment against the defendants and each of them individually, jointly and severally for compensatory damages and punitive damages plus costs of suit, and other and further relief as is just and proper.

## COUNT THREE

## STRICT LIABILITY - FAILURE TO WARN

21. Plaintiff hereby incorporates by reference paragraphs One (1) through Twenty (20) inclusive, as if same were set forth fully herein.

22. Defendants at all times relevant hereto had a duty to warn, in an adequate fashion, plaintiff and others similarly situated of the risk of severe injury in the use of the product in a foreseeable fashion, and they violated this duty.

23. Defendants knew or should have known that the product as designed posed a risk of severe injury in the use of the product in a foreseeable fashion.

24. Plaintiff did not know of this risk of severe injury in the use of the product in a foreseeable fashion.

25. Defendants did not adequately warn of the risk of severe injury in the use of the product in a foreseeable fashion.

26. As a direct and proximate result of the failure to warn, and the willful, wanton, and egregious misconduct of defendants, plaintiff suffered serious personal injuries which resulted in the loss of smell and taste resulting in the need for medical care, great physical pain and suffering, great mental and emotional suffering, and loss of enjoyment of life some or all of

6

which may be permanent.

**WHEREFORE**, plaintiffs demand Judgment against the defendants individually, jointly and severally for compensatory damages, and punitive damages, together with interest, costs of suit, attorneys fees and all such other and further relief that the Court deems just.

## COUNT FOUR

### BREACH OF WARRANTY

27.     Plaintiff hereby incorporates by reference paragraphs One (1) through Twenty-Six (26) inclusive , as if same were set forth fully herein.

28.     The defendants expressly warranted and represented that Zicam was reasonably fit, safe, and suitable for its intended use.

29.     The defendants breached their express warranties that Zicam was reasonably fit, safe and suitable for its intended use as Zicam failed to meet the promises made by said defendants.

30.     As a direct and proximate result of the breach of warranty, and the willful, wanton, and egregious misconduct of defendants, plaintiff suffered serious personal injuries which resulted in the loss of smell and taste. resulting in the need for medical care, great physical pain and suffering, great mental and emotional suffering, and loss of enjoyment of life some or all of which may be permanent.

**WHEREFORE**, plaintiffs demand Judgment against the defendants individually, jointly and severally for compensatory damages, together with interest, costs of suit, attorneys fees and all such other and further relief that the Court deems just.

7

## COUNT FIVE

## CONSUMER FRAUD ACT

31.   Plaintiff hereby incorporates by reference paragraphs One (1) through Thirty (30) inclusive, as if same were set forth fully herein.

32.   The aforesaid Zicam is "merchandise" as that term is defined by the New Jersey Consumer Fraud Act, N.J.S.A. 56:8-1 et seq.

33.   The defendants researched, developed, designed, tested, manufactured, inspected, labeled, distributed, marketed, promoted, sold, serviced and/or otherwise released into the stream of commerce defectively designed Zicam.

34.   Defendants acted with ill-motive, intentionally, recklessly and with wanton disregard for the safety of consumers including plaintiff. The defendants, with full knowledge of the defects, made false and misleading misrepresentations, and also intentionally omitted to provide full and correct information, about the risks of Zicam to consumers and to potential buyers and intentionally concealed their knowledge of the risks of the defective product design and of the risks of serious injury. The defendants, in the pursuit of profit, created an unreasonable risk of injury during  foreseeable use of the product, by misrepresenting and concealing actual knowledge of the defective design.

35.   The defendants continued to market their product,  Zicam as safe with actual knowledge from testing and from consumer complaints that the design was defective, creating a false impression of increased safety in the minds of consumers and potential buyers.

36.   The defendants intentionally decided to omit adequate warnings of the defective design because they sought to profit from the misrepresentations and omissions.

8

37.  The affirmative acts of misrepresentations and the knowing omissions of the defendants as aforesaid, were undertaken with the intent that consumers and users would rely on such misrepresentations and/or omissions, and consumers and users did so.

38.  The defendants' promotion, sales and marketing of Zicam containing defective designs constituted unconscionable commercial practices, deception, false pretenses, affirmative acts of misrepresentation, and/or knowing concealment, suppression, or omissions in connection with the marketing and distribution of merchandise, and were in violation of the New Jersey Consumer Fraud Act, N.J.S.A. 56:8-1 et seq.

39.  The actions of the defendants in connection with the research, development, design, testing, manufacturing, inspection, labeling, distribution, marketing, promotion, sale and/or service of its Zicam containing these defects in design as set forth herein, lack evidence of good faith, honesty in fact and observance of fair dealing so as to constitute unconscionable commercial practices in violation of the New Jersey Consumer Fraud Act, N.J.S.A. 56:8-2 et seq.

40.  There was a causal nexus between the defendants' acts of consumer fraud as aforesaid, and the ascertainable losses (economic damages) suffered by plaintiffs, as set forth above.

   **WHEREFORE**, plaintiffs demand judgment against the defendants individually, jointly, and severally, for compensatory damages and for treble damages, together with interest, attorneys fees, costs of suit, and all such other and further relief as is just and proper.

## COUNT SIX

## PER QUOD COUNT

41. Plaintiff, ANGELA PALUMBO, individually, repeats and realleges all of the allegations of Counts One through Six and makes same a part hereof as though set forth at length herein, and in addition thereto, she alleges that she was at all times mentioned herein and still is the wife of the plaintiff, RONALD PALUMBO, residing with him at the same address.

42. By reason of the aforesaid, the plaintiff, ANGELA PALUMBO, was obliged to incur large expenses in the care and treatment of her husband, the plaintiff, RONALD PALUMBO and will be so obliged in the future; and she was and will in the future be deprived of his usual services, society, earnings, companionship and consortium of her husband, the plaintiff, RONALD PALUMBO.

WHEREFORE, plaintiff, ANGELA PALUMBO, demand Judgment against the defendants individually, jointly and severally for compensatory damages, together with interest, costs of suit, attorneys fees and all such other and further relief that the Court deems just.

LEONARD & LEONARD, P.A.

Attorneys for Plaintiffs

By: _____
SCOTT G. LEONARD, ESQ.

DATED: March 15, 2010

10

## JURY DEMAND

Plaintiffs hereby demand a trial by jury on all issues set forth herein.

LEONARD & LEONARD, P.A.

Attorneys for Plaintiffs

By:_____
SCOTT G. LEONARD, ESQ.

## DEMAND FOR CERTIFIED ANSWERS TO UNIFORM INTERROGATORIES AND OTHER RELATED DOCUMENTS WITHIN SIXTY (60) DAYS OF SERVICE OF THE WITHIN COMPLAINT IN LIEU OF SERVICE OF SAME PURSUANT TO RULE 4:17-1,2 and 4 et seq. and DEMAND FOR INSURANCE POLICES PURSUANT TO RULE 4:17-1, et seq.

Pursuant to Rule 4:17-1, 2 and 4 et seq., the plaintiff hereby demands that the defendants upon whom this pleading is served, furnish fully responsive and certified answers to Uniform Interrogatories, Rules of Court, Appendix II, Form C and C2, together with the attachments required therein, within sixty (60) days of the service of the within Complaint, together with copies of the applicable insurance policies available to the defendants named herein pursuant to Rule 4:10-2(b).

LEONARD & LEONARD, P.A.

Attorneys for Plaintiffs

BY:_____
SCOTT G. LEONARD, ESQ.

11

## <u>DESIGNATION OF TRIAL COUNSEL</u>

Please take notice that Scott G. Leonard, Esq., of the law firm of Leonard & Leonard, P.A., is

hereby designated trial counsel on the within matter.

LEONARD & LEONARD, P.A.

Attorneys for Plaintiffs

BY: _____

SCOTT G. LEONARD, ESQ.

DATED: March 15, 2010

RECEIVED & FILED
SUPERIOR COURT

## CERTIFICATION
## (NOTICE OF OTHER ACTIONS)

Pursuant to the requirements of Rule 4:5-1, (NOTICE OF OTHER ACTIONS), I, the
undersigned, do hereby certify, to the best of my knowledge, information and belief, that except
as hereinafter indicated, the subject matter of the controversy referred to in the within pleading is
not the subject of any other Cause of Action pending in any other Court, or of a pending
Arbitration Proceeding, nor is any other Cause of Action or Arbitration Proceeding
contemplated:

1.   OTHER ACTIONS PENDING?................ YES __ NO _X_

    A.    If YES-Parties to other Pending Actions.
    (See Attachment)
    B.    In My opinion, the following parties should be joined in the within
        pending Cause of Action.
        (See Attachment)

2.   OTHER ACTIONS CONTEMPLATED?........... YES __ NO _X_

    A.    If YES-Parties contemplated to be joined, in other Cause of Action.
    (See Attachment)

3.   ARBITRATION PROCEEDING PENDING?........ YES __ NO _X_
    A.    If YES-Parties to Arbitration Proceedings.
    (See Attachment)
    B.    In my opinion, the following parties should be joined in the pending
        Arbitration Proceedings.
    (See Attachment)

4.   OTHER ARBITRATION PROCEEDINGS
    CONTEMPLATED?.......................... YES __ NO _X_
    A.    If YES-Parties contemplated to be joined to Arbitration Proceedings.
    (See Attachment)

In the event, that during the pendency of the within Cause of Action, I shall become aware of any
changes as to any facts stated herein, I shall file an Amended Certification and serve a copy
thereof on all other parties (or their attorneys) who have appeared in said Causer of Action.

                LEONARD & LEONARD, P.A.
                Attorneys for Plaintiffs

                BY _____
                    SCOTT G. LEONARD, ESQ.

Dated:  March 15, 2010

# CERTIFICATION ATTACHMENT

1. **OTHER ACTIONS PENDING?**

   A. If YES-Parties to other Pending Actions.
   B. In my opinion, the following parties should be joined in the within pending Cause of Action.

2. **OTHER ACTIONS CONTEMPLATED?**

   A. If YES-Parties contemplated to be joined, in other Cause of Action.

3. **ARBITRATION PROCEEDING PENDING?**

   A. If YES-Parties to Arbitration Proceedings.
   B. In my opinion, the following parties should be joined in the pending Arbitration Proceeding.

4. **OTHER ARBITRATION PROCEEDINGS CONTEMPLATED?**

   A. If YES-Parties contemplated to be joined to Arbitration Proceedings.

WHEN APPLICABLE, (in connection with Automobile Accident Cases), IT IS CONTEMPLATED THAT A CLAIM FOR ARBITRATION WILL BE FILED AGAINST ANY PARTY WHO IS UNINSURED OR IS UNDER-INSURED.

(Cert. 4:5-1 Attachment)
(Page "2")

RECEIVED & FILED
SUPERIOR COURT
2010 MAR 18 AM 10: 05
CIVIL DIVISION

**Appendix XII-B1**

| CIVIL CASE INFORMATION STATEMENT (CIS) | FOR USE BY CLERK'S OFFICE ONLY |
|---|---|



## CIVIL CASE INFORMATION STATEMENT
### (CIS)

Use for initial Law Division
Civil Part pleadings (not motions) under Rule 4:5-1
**Pleading will be rejected for filing, under Rule 1:5-6(c),
if information above the black bar is not completed or
if attorney's signature is not affixed.**

| FOR USE BY CLERK'S OFFICE ONLY |
|---|
| PAYMENT TYPE: ☐CK ☐CG ☐CA |
| CHG/CK NO. |
| AMOUNT: |
| OVERPAYMENT: |
| BATCH NUMBER: |

| ATTORNEY/PRO SE NAME | TELEPHONE NUMBER | COUNTY OF VENUE |
|---|---|---|
| SCOTT G. LEONARD, ESQ. | (973) 984-1414 | Morris |

| FIRM NAME (if applicable) | DOCKET NUMBER (When available) |
|---|---|
| LEONARD & LEONARD, P.A. | MRS-L- 905-10 |

| OFFICE ADDRESS | DOCUMENT TYPE |
|---|---|
| 165 Washington Street Morristown, N.J. 07960 | COMPLAINT |
| | JURY DEMAND   ☒ YES   ☐ NO |

| NAME OF PARTY (e.g., John Doe, Plaintiff) | CAPTION |
|---|---|
| RONALD PALUMBO, Plaintiff | Palumbo v. Matrixx, Corp., et als. |

| CASE TYPE NUMBER (See reverse side for listing) 606 | IS THIS A PROFESSIONAL MALPRACTICE CASE?   ☐ YES   ☒ NO |
|---|---|
| | IF YOU HAVE CHECKED "YES," SEE N.J.S.A. 2A:53A-27 AND APPLICABLE CASE LAW REGARDING YOUR OBLIGATION TO FILE AN AFFIDAVIT OF MERIT. |

| RELATED CASES PENDING?   ☐ YES   ☒ NO | IF YES, LIST DOCKET NUMBERS |
|---|---|

| DO YOU ANTICIPATE ADDING ANY PARTIES (arising out of same transaction or occurrence)?   ☐ YES   ☒ NO | NAME OF DEFENDANT'S PRIMARY INSURANCE COMPANY, IF KNOWN |
|---|---|
| | ☐ NONE   ☒ UNKNOWN |

**THE INFORMATION PROVIDED ON THIS FORM CANNOT BE INTRODUCED INTO EVIDENCE.**

CASE CHARACTERISTICS FOR PURPOSES OF DETERMINING IF CASE IS APPROPRIATE FOR MEDIATION

| DO PARTIES HAVE A CURRENT, PAST OR RECURRENT RELATIONSHIP?   ☐ YES   ☒ NO | IF YES, IS THAT RELATIONSHIP | ☐ EMPLOYER-EMPLOYEE   ☐ FRIEND/NEIGHBOR   ☐ OTHER (explain) ☐ FAMILIAL   ☐ BUSINESS |
|---|---|---|

| DOES THE STATUTE GOVERNING THIS CASE PROVIDE FOR PAYMENT OF FEES BY THE LOSING PARTY?   ☐ YES   ☒ NO |
|---|

USE THIS SPACE TO ALERT THE COURT TO ANY SPECIAL CASE CHARACTERISTICS THAT MAY WARRANT INDIVIDUAL MANAGEMENT OR ACCELERATED DISPOSITION:

None.

*RECEIVED & FILED SUPERIOR COURT 2010 MAR 18 AM 10:0 CIVIL DIVISION*

| DO YOU OR YOUR CLIENT NEED ANY DISABILITY ACCOMMODATIONS?   ☐ YES   ☒ NO | IF YES, PLEASE IDENTIFY THE REQUESTED ACCOMMODATION: |
|---|---|
| WILL AN INTERPRETER BE NEEDED?   ☐ YES   ☒ NO | IF YES, FOR WHAT LANGUAGE: |

I certify that confidential personal identifiers have been redacted from documents now submitted to the court, and will be redacted from all documents submitted in the future in accordance with Rule 1:38-7(b).

ATTORNEY SIGNATURE:



SIDE 2        **CIVIL CASE INFORMATION STATEMENT**
**(CIS)**
Use for initial pleadings (not motions) under *Rule 4:5-1*

## CASE TYPES (Choose one and enter number of case type in appropriate space on the reverse side.)

**Track I — 150 days' discovery**

| | |
|---|---|
| 151 | NAME CHANGE |
| 175 | FORFEITURE |
| 302 | TENANCY |
| 399 | REAL PROPERTY (other than Tenancy, Contract, Condemnation, Complex Commercial or Construction) |
| 502 | BOOK ACCOUNT (debt collection matters only) |
| 505 | OTHER INSURANCE CLAIM (INCLUDING DECLARATORY JUDGMENT ACTIONS) |
| 506 | PIP COVERAGE |
| 510 | UM or UIM CLAIM |
| 511 | ACTION ON NEGOTIABLE INSTRUMENT |
| 512 | LEMON LAW |
| 801 | SUMMARY ACTION |
| 802 | OPEN PUBLIC RECORDS ACT (SUMMARY ACTION) |
| 999 | OTHER (Briefly describe nature of action) |

**Track II — 300 days' discovery**

| | |
|---|---|
| 305 | CONSTRUCTION |
| 509 | EMPLOYMENT (other than CEPA or LAD) |
| 599 | CONTRACT/COMMERCIAL TRANSACTION |
| 603 | AUTO NEGLIGENCE – PERSONAL INJURY |
| 605 | PERSONAL INJURY |
| 610 | AUTO NEGLIGENCE – PROPERTY DAMAGE |
| 699 | TORT – OTHER |

**Track III — 450 days' discovery**

| | |
|---|---|
| 005 | CIVIL RIGHTS |
| 301 | CONDEMNATION |
| 602 | ASSAULT AND BATTERY |
| 604 | MEDICAL MALPRACTICE |
| 606 | PRODUCT LIABILITY |
| 607 | PROFESSIONAL MALPRACTICE |
| 608 | TOXIC TORT |
| 609 | DEFAMATION |
| 616 | WHISTLEBLOWER / CONSCIENTIOUS EMPLOYEE PROTECTION ACT (CEPA) CASES |
| 617 | INVERSE CONDEMNATION |
| 618 | LAW AGAINST DISCRIMINATION (LAD) CASES |
| 620 | FALSE CLAIMS ACT |

**Track IV — Active Case Management by Individual Judge / 450 days' discovery**

| | |
|---|---|
| 156 | ENVIRONMENTAL/ENVIRONMENTAL COVERAGE LITIGATION |
| 303 | MT. LAUREL |
| 508 | COMPLEX COMMERCIAL |
| 513 | COMPLEX CONSTRUCTION |
| 514 | INSURANCE FRAUD |
| 701 | ACTIONS IN LIEU OF PREROGATIVE WRITS |

**Centrally Managed Litigation (Track IV)**

| | |
|---|---|
| 280 | Zelnorm |
| 285 | Stryker Trident Hip Implants |

**Mass Tort (Track IV)**

| | | | |
|---|---|---|---|
| 248 | CIBA GEIGY | 279 | GADOLINIUM |
| 266 | HORMONE REPLACEMENT THERAPY (HRT) | 281 | BRISTOL-MYERS SQUIBB ENVIRONMENTAL |
| 271 | ACCUTANE | 282 | FOSAMAX |
| 272 | BEXTRA/CELEBREX | 283 | DIGITEK |
| 274 | RISPERDAL/SEROQUEL/ZYPREXA | 284 | NUVARING |
| 275 | ORTHO EVRA | 286 | LEVAQUIN |
| 277 | MAHWAH TOXIC DUMP SITE | 601 | ASBESTOS |
| 278 | ZOMETA/AREDIA | 619 | VIOXX |

If you believe this case requires a track other than that provided above, please indicate the reason on Side 1,
in the space under "Case Characteristics."
Please check off each applicable category:
☐ Verbal Threshold        ☐ Putative Class Action        ☐ Title 59

Revised Effective 9/2009, CN 10517

# Exhibit B

DRINKER BIDDLE & REATH LLP
*A Delaware Limited Liability Partnership*
500 Campus Drive
Florham Park, New Jersey 07932-1047
(973) 360-1100
Attorneys for Defendant
Matrixx Initiatives, Inc.

| | |
|---|---|
| RONALD PALUMBO and ANGELA PALUMBO, | SUPERIOR COURT OF NEW JERSEY LAW DIVISION: MORRIS COUNTY |
| Plaintiffs, | DOCKET NO. MRS-L-905-10 |
| v. | Civil Action |
| MATRIXX CORP., MATRIXX INITIATIVES, INC., ZICAM, LLC, JOHN DOE 1-20 (said name being fictitious and unknown) | **NOTICE OF FILING NOTICE OF REMOVAL** |
| Defendants. | |

PLEASE TAKE NOTICE that defendant Matrixx Initiatives, Inc. (improperly named as

Matrixx Initiatives, Inc. and Matrixx Corp.) has filed the attached Notice of Removal with the

Clerk's Office of the United States District Court for the District of New Jersey.

DRINKER BIDDLE & REATH LLP
Attorney for Defendant
Matrixx Initiatives, Inc.

By: _Susan M. Sharko_
Susan M. Sharko

Dated: May 13, 2010